{¶ 23} I concur in the majority's analysis and disposition of appellant's second assignment of error.[1]
 {¶ 24} I further concur in the majority's analysis and disposition of appellant's first assignment of error. I write separately only to express my concern it may be misinterpreted.
 {¶ 25} The majority finds "No witness testified as to these guidelines [the standardized manner of testing prescribed by the National Traffic Safety Administration], and the manual itself was not admitted." (Maj. Op. at 5). Such statement may be interpreted as requiring the State to either present the guidelines or admit the manual. For clarity, I conclude the State may also satisfy its burden by conclusory affirmation of the police officer the tests were administered in strict compliance with the National Highway Traffic Safety Administration manual or guidelines without necessarily establishing what those guidelines are or admitting the manual itself.
 {¶ 26} I concur in the majority's disposition herein because the police officer's testimony he conducted ". . . the test in conformity with the manner and procedures with which he was taught" is not the same as testifying he administered the test in strict compliance with the guidelines set forth in the National Highway Traffic Safety Administration manual.
JUDGE WILLIAM B. HOFFMAN
[1] I note appellee failed to file a brief herein. Pursuant to App.R. 18(C), this Court could have accepted appellant's statement of the facts. Had we limited our analysis to those facts, I would have sustained this assignment of error.